UNITED STATES DISTRICT COURT
SOUTHISN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CLARENCE A CHAFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:16-cv-00623-SEB-MJD |
| | ) |
| NANCY A. BARRYHILL,[1] Acting Commissioner of the Social Security Administration, | ) ) ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Clarence Chafin requests judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Social Security Disability Insurance ("DIB") under Title II and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). *See* 42 U.S.C. §§ 416(i), 423(d), 1382c(a)(3).[2]  For the reasons set forth below, the Magistrate Judge recommends that the District Judge **REVERSE** the decision of the Commissioner.

**I. Background**

Chafin filed his application for SSI and DIB on March 4, 2013, alleging September 26, 2012 as the onset date of disability. [Dkt. 12-6 at 2 (R. 231).]  In his disability report filed in

---

[1] Nancy A. Berryhill is substituted for Carolyn W. Colvin as the nominal defendant pursuant to Federal Rule of Civil Procedure 25(d).

[2] In general, the legal standards applied in the determination of disability are the same regardless of whether a claimant seeks DIB or SSI.  However, separate, parallel statutes and regulations exist for DIB and SSI claims.  Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

1

conjunction with his application, Chafin listed "migraine memory blankout, confusion"; "low back, hip problems"; "depression, anger issues"; chronic COPD; asthma; chronic migraines; sleep apnea; muscular dystrophy; "pain disorder, panic disorder"; bilateral vertigo; and ankylosing spondylitis as his disabling conditions.[3]  [Dkt. 14-6 at 6 (R. 235).]

Chafin's applications were denied initially on May 28, 2013 [Dkt. 12-4 at 2-10 (R. 132-40); Dkt. 12-4 at 13-21 (R. 143-51)] and upon reconsideration on September 11, 2014 [Dkt. 12-4 at 24-37 (R. 154-67)].  Chafin timely requested a hearing on his application [Dkt. 12-4 at 38-39 (R. 168-69)], which was held by video conference before Administrative Law Judge David J. Begley ("ALJ") on July 15, 2014.  [Dkt. 12-2 at 33-62 (R. 32-61).]  The ALJ issued his decision on November 7, 2014, again denying Chafin's applications.  [Dkt. 12-2 at 14-32 (R. 13-31).]  On January 21, 2016, the Appeals Council denied Chafin's request to review the ALJ's decision, making it the final decision of the Commissioner for the purposes of judicial review.  [Dkt. 12-2 at 2-5 (R. 1-4).]  Chafin timely filed his Complaint in this Court on March 21, 2016, seeking judicial review of the Commissioner's decision.  [Dkt. 1.]

## II.  Legal Standard

To be eligible for DIB or SSI, a claimant must have a disability pursuant to 42 U.S.C. § 423.  Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).

---

[3] Chafin recited the relevant factual and medical background in extensive detail in his opening brief.  [*See* Dkt. 17.]  The Commissioner, unless otherwise noted herein, does not dispute these facts.  [*See* Dkt. 20.]  Because these facts involve Chafin's sensitive and otherwise confidential medical information, the Court will incorporate by reference the factual background in the parties' briefs and articulate specific facts as needed below.

2

To determine whether a claimant is disabled, the ALJ employs a five-step sequential analysis: (1) if the claimant is engaged in substantial gainful activity, he is not disabled; (2) if the claimant does not have a "severe" impairment, or one that significantly limits his ability to perform basic work activities, he is not disabled; (3) if the claimant's impairment or combination of impairments meets or medically equals any impairment appearing in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, the claimant is disabled; (4) if the claimant is not found to be disabled at step three and he is able to perform his past relevant work, he is not disabled; and (5) if the claimant is not found to be disabled at step three and either cannot perform his past relevant work or has no past relevant work but can perform certain other available work, he is not disabled. 20 C.F.R. § 404.1520. Before proceeding from step three to step four, the ALJ must assess the claimant's residual functional capacity (RFC), identifying the claimant's functional limitations and assessing the claimant's remaining capacity for work related activities. S.S.R. 96-8p, 1996 WL 374184.

The ALJ's findings of fact are conclusive and must be upheld by this Court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Court may not reweigh the evidence or substitute its judgment for that of the ALJ but may only determine whether substantial evidence supports the ALJ's conclusion. *Overman v. Astrue*, 546 F.2d 456, 462 (7th Cir. 2008) (citing *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007)). The ALJ "need not contain a complete written evaluation of every piece of evidence." *McKinzey v. Astrue*, 641 F.3d 884, 891 (7th Cir. 2011) (quoting *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005)). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala* 19 F.3d 329, 333 (7th

Cir. 1997). To be affirmed, the ALJ must articulate his analysis of the evidence in his decision. The ALJ must "provide some glimpse into his reasoning" and "build an accurate logical bridge from the evidence to his conclusion." *Dixon*, 270 F.3d at 1176. The scope of review is confined to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010).

### III. The ALJ's Decision

The ALJ first determined that Chafin met the insured status requirements of the Act through March 30, 2015 and had not engaged in substantial gainful activity since the alleged onset date of September 26, 2012.[4] [Dkt. 12-2 at 19 (R. 18).] At step two, the ALJ found Chafin's severe impairments to include "degenerative disc disease, asthma, traumatic brain injury (TBI) status post motor vehicle accident, major depressive disorder, and schizoid personality disorder." [*Id.* (citations omitted).] At step three, the ALJ found that Chafin did not have an impairment or combination of impairments that meets or medically equals a Listing, specifically mentioning section 1.00 for musculoskeletal disorders, section 3.00 for respiratory disorders, section 11.00 for neurological disorders, Listing 12.04 for bipolar disorder, and Listing 12.08 for personality and impulse-control disorders. [Dkt. 12-2 at 20 (R. 19).]

Before step four, "[a]fter careful consideration of the entire record," the ALJ determined that Chafin had the RFC to perform light work with the following specific restrictions:

> [Chafin is] prohibited from climbing ladders, ropes, and scaffolds; occasional climbing of ramps and stairs, balancing, kneeling, stooping, crouching, and crawling; avoid slippery and uneven surfaces, hazardous machinery, and unprotected heights; avoid concentrated exposure to excessive vibration and pulmonary irritants such as fumes, odors, dust, gases, and poorly ventilated areas; limited to work involving simple, repetitive tasks requiring no independent

---

[4] The Commissioner notes that this onset date was a clerical error, as Chafin previously applied for DIB and SSI and was denied by a decision dated October 24, 2012. [Dkt. 20 at 1 (citing Dkt. 12-3 at 2 (R. 64)).] Under the doctrine of *res judicata*, Chafin may not seek benefits for the time period covered by the Commissioner's prior final decision. Chafin does not dispute this argument in his reply brief. On remand, therefore, the ALJ should address the relevant disability period beginning October 25, 2012.

4

Case 1:16-cv-00623-SEB-MJD   Document 27   Filed 03/21/17   Page 5 of 8 PageID #: 855

> judgment regarding basic work processes; work goals from day to day should be static and predictable; occasional, superficial contact with coworkers; and no contact with the general public.

[Dkt. 12-2 at 22 (R. 21).] At step four, the ALJ found that Chafin is unable to perform his past relevant work as a painter and handyman. [Dkt. 12-2 at 26 (R. 25).] After considering Chafin's age, education, work experience, and RFC, the ALJ found that Chafin could work as a garment sorter, price marker, and collator operator, which jobs existed in significant numbers in the national economy. [Dkt. 12-2 at 27 (R. 26).] Based on these findings, the ALJ concluded at step five that Chafin was not disabled under the Act. [*Id.*]

## IV. Discussion

Chafin challenges the ALJ's treatment of the evidence throughout the five-step process, specifically arguing that the ALJ insufficiently addressed his migraines, use of a cane, prior approval for Medicaid, and recent psychological test results. Because remand is required for the ALJ to consider Chafin's Medicaid status, the Court addresses this issue first before addressing additional issues that the ALJ should consider on remand.

### A. Medicaid Status

Chafin argues that the ALJ failed to address his Indiana Medicaid approval which was predicated upon a finding of disability. Chafin points to evidence of his Medicaid eligibility throughout the record, including from medical records and Chafin's testimony at the hearing before the ALJ. The Commissioner fails to respond to this argument.

Social Security Ruling 06-03p provides that, while disability determinations by other agencies do not bind the SSA, "evidence of a disability decision by another governmental . . . agency cannot be ignored and must be considered." S.S.R. 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006); 20 C.F.R. § 404.1512 (stating that "evidence" includes "[d]ecisions by any

5

governmental . . . agency about whether or not you are disabled").[5] As with all other Social Security Rulings, S.S.R. 06-03p is "binding on all components of the Social Security Administration." 20 C.F.R. § 402.35(b)(1). The wholesale failure to mention another agency's disability determination is reversible error. *E.g.*, *East v. Astrue*, No. 1:09-cv-00137-JMS-WTL, 2010 WL 670551, at *2-3 (Feb. 19, 2010); *Kessler v. Astrue*, No. 1:08-cv-1126-SEB-DML, 2009 WL 3060220, at *3-5 (Sept. 22, 2009).

The Commissioner has failed to contest this argument and the ALJ's decision evinces no consideration of Chafin's Medicaid eligibility. The Court agrees with Chafin that remand is required under the currently-binding regulations. Accordingly, the Court should **REVERSE** and **REMAND** Chafin's disability applications so that the ALJ can consider Chafin's Indiana Medicaid eligibility.

### B. Additional Issues

Because the Court has already concluded that the ALJ has committed reversible error, the Court summarily addresses Chafin's remaining arguments for further consideration on remand.

First, Chafin argues that the ALJ failed to appropriately address his migraine headaches throughout the disability determination process. Chafin argues that the ALJ failed to consider whether his migraines constitute a severe impairment. The Commissioner responds that the ALJ clearly considered Chafin's migraines as such in concluding that "traumatic brain injury (TBI) status post motor vehicle accident" was a severe impairment. While it is fairly clear that the ALJ considered Chafin's migraines severe as part of the traumatic brain injury finding, the ALJ should clarify this point on remand.

---

[5] S.S.R. 06-03p appears to have been effectively repealed by 20 C.F.R. § 404.1504, which provides that, "in claims filed on or after March 27, 2017, we will not provide any analysis in our determination or decision about a decision made by any other governmental agency . . . about whether you are disabled, blind, employable, or entitled to any benefits." 20 C.F.R. § 404.1504. As Chafin's claim was filed prior to March 27, 2017, the ALJ was required to comply with S.S.R. 06-03p.

Moreover, the Court agrees with Chafin that the ALJ's perfunctory treatment of the evidence of Chafin's migraines in the RFC determination provides an additional basis for remand. The ALJ noted Chafin's testimony that he has "incapacitating migraines on average one a week" [Dkt. 12-2 at 23 (R. 22)] and noted "treatment for . . . chronic headaches" [Filing No. 12-2 at 25 (R. 24)], but in the end it is impossible to ascertain how much the ALJ credited these complaints and how (or whether) they were accommodated in the RFC determination. The Commissioner attempts to rescue the ALJ's decision by noting, as the ALJ did, evidence that undermined Chafin's credibility in general. This meant, according to the Commissioner, that the ALJ would have been justified in providing no further accommodation for Chafin's migraines. But the ALJ did not reach his conclusion on this basis, and the presence of some evidence undermining Chafin's credibility did not excuse the ALJ from confronting the evidence that suggested severe and potentially disabling migraines and then reaching his own conclusion as to their severity. *Cf. Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013) ("An ALJ cannot rely only on the evidence that supports her opinion."); *Parker*, 597 F.3d at 922 (concluding that a court may not uphold an ALJ's decision "on grounds that the agency itself had not embraced"). The ALJ's failure to connect the dots between the evidence of migraines and his RFC determination requires remand.

Chafin next argues that the ALJ failed to consider whether he required use of a cane. A cane, as with all medically required hand-held assistive devices, must be addressed in the RFC analysis. *Thomas v. Colvin*, 534 F. App'x 546, 550 (7th Cir. 2013); *Tripp v. Astrue*, 489 F. App'x 951, 955 (7th Cir. 2012). Even though a prescription may not be required for a cane to be medically required, *Parker*, 597 F.3d at 922, the claimant must provide specific, unambiguous evidence of the circumstances in which he needs to use the cane, *Tripp*, 489 F. App'x at 955. Because Chafin has provided at least some evidence that he regularly requires a cane (even if the

7

evidence suggests that he does not always use it when needed), the ALJ should on remand determine whether Chafin has met his burden of showing that a cane is medically necessary.  *Cf. Nelson v. Apfel*, 131 F.3d 1228, 1237 (7th Cir. 1997) (requiring analysis of all issues supported by "considerable evidence").

Finally, Chafin argues that the ALJ dismissed evidence of neuropsychological tests from June 2013 without sufficient explanation and without consulting a medical expert or consultative examiner.  An ALJ must obtain an updated medical expert opinion when the new evidence may change a medical consultant's previous findings.  S.S.R. 96-6p, 1996 WL 374180.  The ALJ should consider on remand whether these additional records warrant renewed expert scrutiny.

## V.  Conclusion

For the foregoing reasons, the ALJ has committed legal error and has failed to build a logical bridge from the evidence to the conclusion. The Magistrate Judge therefore recommends that the District Judge **REVERSE** the Commissioner's decision and **REMAND** Chafin's application for further proceedings.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated:  21 MAR 2017

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.